**MORGAN, LEWIS & BOCKIUS LLP**
Ali S. Razai (SBN 246922)
ali.razai@morganlewis.com
Benjamin J. Everton (SBN 259214)
ben.everton@morganlewis.com
Christian D. Boettcher (SBN 342950)
christian.boettcher@morganlewis.com
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626-7653
Tel:    +1.714.930.0600
Fax:    +1.714.830.0700

**MORGAN, LEWIS & BOCKIUS LLP**
Meaghan H. Kent (*pro hac vice pending*)
meaghan.kent@morganlewis.com
Matthew T. Julyan (*pro hac vice pending*)
matthew.julyan@morganlewis.com
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Tel:    +1.202.739.3000
Fax:    +1.202.739.3001

*Attorneys for Plaintiff*
HYDRAFACIAL LLC

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| HYDRAFACIAL LLC, formerly known as EDGE SYSTEMS LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>MED SPA ESSENTIALS LLC, formerly known as BEANSTALK FINANCIAL CAPITAL I, LLC,<br><br>Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, INDUCED BREACH OF CONTRACT, TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS, INDUCED TRADEMARK INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, HydraFacial LLC, formerly known as Edge Systems LLC, ("Plaintiff" or "HydraFacial") hereby complains of Med Spa Essentials LLC, formerly known as Beanstalk Financial Capital I, LLC ("Defendant" or "MedSpa Essentials") and alleges as follows:

## I.   JURISDICTION AND VENUE

1. This is an action for trademark infringement, tortious interference with contractual relations, false designation of origin, induced breach of contract, and unfair competition under federal, state, and common law.

2. This Court has original subject matter over the claims for trademark infringement and federal unfair competition pursuant to 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1114, 1116, 1117, 1121(a) and 1125, as these claims arise under the laws of the United States. This Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

3. This Court has personal jurisdiction over Defendant because it has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has been selling, offering for sale, and promoting infringing products in this judicial district, including but not limited to, promoting, offering to sell, and selling infringing products to consumers in this district and selling into the stream of commerce knowing such products would be sold in California and this district. This includes selling products that are the subject of this action through Defendant's website, https://www.medspaessentials.co/. Defendant's actions in California, and this district, include but are not limited to selling and shipping serum and consumable products directly to retailers in this district and instructing those retailers to use the serum and consumable products in a manner that infringes HydraFacial's trademark rights. HydraFacial is informed and believes, and thereon alleges, that Defendant's actions have also interfered with contractual relationships between HydraFacial and its customers by causing HydraFacial's customers in this judicial district to breach their agreements with HydraFacial regarding the use of HydraFacial's trademarks. These acts form a substantial part of the acts giving rise to HydraFacial's claims.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

2

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), and 1391(d) because Defendant has committed acts of infringement by promoting, offering to sell and/or selling the products-at-issue in this action in this judicial district.

## II.  THE PARTIES

5. Plaintiff HydraFacial is a California limited liability company having its principal place of business at 3600 E. Burnett Street, Long Beach, CA 90809.

6. HydraFacial is informed and believes, and thereon alleges, that Defendant MedSpa Essentials is an Illinois limited liability company and Defendant MedSpa Essentials' principal place of business is at 600 North Dearborn Street, Chicago, IL 60654.

## III.  GENERAL ALLEGATIONS

### A.  HydraFacial's Highly Successful Cosmetic Systems and Well-Known Trademarks

7. HydraFacial is a worldwide leader in the design, development, manufacture and sale of high-quality skin resurfacing and rejuvenation goods and services, including microdermabrasion and hydrodermabrasion goods and services offered under the trademark and service mark HYDRAFACIAL® (the "HYDRAFACIAL Mark"). These goods and services rejuvenate skin by cleaning and exfoliating the skin surface, extracting debris from pores, and nourishing the skin's surface with therapeutic serums that treat, moisturize and/or protect the treated skin surface. HydraFacial markets and sells its products throughout the United States to end users such as dermatologists, plastic surgeons, cosmetic physicians, and aestheticians at medical spas. These end users provide hydrodermabrasion services with authentic HydraFacial products and consumables under the HydraFacial® Mark under license from HydraFacial.

8. HydraFacial's systems are the premier hydrodermabrasion systems sold in the United States and are protected by numerous United States patents. HydraFacial's flagship systems include the Syndeo™ system. In addition to the Syndeo™ system, HydraFacial has designed, developed, manufactured and sold other patented hydrodermabrasion systems, including the HydraFacial MD®, the HydraFacial® Tower™, the HydraFacial® Allegro™, the HydraFacial® Wave™, the HydraFacial® Elite™, HydraFacial® Nectre™ and the HydraFacial® Core™ systems. These HydraFacial hydrodermabrasion systems are referred to herein collectively as "the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

3

HydraFacial® Systems."

9. HydraFacial also designs, develops, manufactures, and sells high-quality serums for use in the HydraFacial® Systems. These serums include Activ-4®, Antiox+®, Antiox-6®, Beta-HD® Clear, and the HydraFacial Dermabuilder® serums. These HydraFacial serums are referred to herein collectively as "the HydraFacial® Serums."

10. HydraFacial also designs, develops, manufactures, and sells high-quality consumables for use with the HydraFacial® Systems, including tips used with the HydraFacial® System handpiece during treatment. These HydraFacial consumables (not including serums) are referred to herein collectively as "the HydraFacial® Consumables."

11. HydraFacial has invested significant time, effort, and resources to promote and market its HYDRAFACIAL Mark. HydraFacial has extensively and continuously used its HYDRAFACIAL Mark in connection with its microdermabrasion and hydrodermabrasion goods and services since at least 2005. HydraFacial owns the HYDRAFACIAL Mark and licenses the use of the service mark to dermatologists, plastic surgeons, cosmetic physicians, and aestheticians at medical spas, for use in connection with services performed with authentic HydraFacial machines, serums, and consumables. Accordingly, HydraFacial can ensure that services provided under its mark are performed with products that meet HydraFacial's standards for quality and that, accordingly, the treatment itself meets HydraFacial's quality standards.

12. HydraFacial goods and treatments services offered under its HYDRAFACIAL Mark have been featured in numerous media outlets, including People Magazine, Elle Magazine, The Good Morning America show, Allure, The Hollywood Reporter, Elle Magazine's Beauty Book, Harper's Bazaar Magazine, Essence, Simply Her, and The Doctors television show.

13. More than two million authentic HydraFacial® treatments were performed each year in the United States between 2021 and 2024. These treatments were performed by licensed, trained personnel using official HydraFacial equipment, serums, and consumables. As a result, authentic HydraFacial® treatments have become very well-known in the industry.

14. The treatments and services provided under the HYDRAFACIAL Mark include unique non-invasive treatments that improve skin health and address individual needs. HydraFacial

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

4

won Best Cosmetic Treatment from the Cosmopolitan Readers' Choice Beauty Awards in 2023.

15. HydraFacial is the owner of incontestable U.S. Trademark Registration Nos. 4,317,059 for the mark HYDRAFACIAL for "[m]edical apparatus and instruments for peeling and resurfacing tissue" in class 10, and "[m]edical spa services, namely, minimally and non-invasive cosmetic and body fitness therapies" in class 44, which was filed on August 17, 2012 and registered on April 9, 2013 (the "'059 Registration"). A true and correct copy of the '059 Registration is attached hereto as **Exhibit 1**.

16. HydraFacial is the owner of incontestable U.S. Trademark Registration No. 4,738,970 for the mark HYDRAFACIAL for "cleaning preparations for microdermabrasion machines; [n]on-medicated skin care preparations, namely, lotions and serums" in class 3, which was filed on October 2, 2014, and registered on May 19, 2015 (the "'970 Registration."). A true and correct copy of the '970 Registration is attached hereto as **Exhibit 2**.

17. HydraFacial has extensively and continuously used its HYDRAFACIAL Mark in connection with its microdermabrasion and hydrodermabrasion systems and services and its products since 2005. Due to HydraFacial's extensive efforts, as well as the publicity associated with HydraFacial's microdermabrasion and hydrodermabrasion treatments and products, the HYDRAFACIAL Mark is an important component of HydraFacial's business and is widely recognized as symbolizing HydraFacial's high-quality microdermabrasion and hydrodermabrasion treatments and services and products.

18. As a result of HydraFacial's long, continuous, extensive, and exclusive use of the HYDRAFACIAL Mark, as well as its marketing, promotion, and sale of products, services, and treatments under the mark, the public has come to recognize the mark as identifying goods and services that originate from or are otherwise associated exclusively with HydraFacial. HydraFacial has spent enormous time, effort, and expense to create valuable goodwill in the HYDRAFACIAL Mark.

19. HydraFacial protects the goodwill associated with the HYDRAFACIAL Mark and maintains its reputation for high-quality products and treatments by, for example, authorizing the use of the HYDRAFACIAL Mark solely for treatments that exclusively use genuine HydraFacial®

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

5

Systems in combination with genuine HydraFacial® Serums and Consumables. Pursuant to the terms of HydraFacial's trademark license agreement ("the Trademark License Agreement"), HydraFacial licenses its customer-licensees to advertise, market, promote, sell, and/or offer to sell hydrodermabrasion treatments under the HYDRAFACIAL Mark so long as those treatments are performed solely using genuine HydraFacial® Systems and genuine HydraFacial® Serums and Consumables. A sample Trademark License Agreement is attached hereto as **Exhibit 3**.

**B.   Defendant's Use of the HydraFacial Trademarks**

20.  Defendant markets and sells cosmetic facial treatment products for use with hydrodermabrasion services. For example, Defendant markets and sells its products throughout the United States to end users, such as dermatologists, plastic surgeons, cosmetic physicians and aestheticians at medical spas, who in turn perform hydrodermabrasion services using the products purchased from Defendant.

21.  Defendant advertises and sells serums and consumables purportedly compatible with HydraFacial® Systems under the HYDRAFACIAL Mark in a manner that gives the impression that Defendant is associated with, endorsed by, affiliated with, or approved by HydraFacial, when it is not. Defendant uses the HYDRAFACIAL Mark in a manner that is more than is necessary to sell its serums and consumables that are allegedly compatible with HydraFacial® Systems. *See* https://www.medspaessentials.co/. Attached hereto as **Exhibit 4** is a true and correct copy of a printout from Defendant's website in which Defendant advertises "Premium Consumables for Hydrafacial devices."



Morgan, Lewis & Bockius LLP
Attorneys At Law
Washington, D.C.

6

22. Defendant also encourages its customers and prospective customers to use the HYDRAFACIAL Mark in connection with hydrodermabrasion treatments that are performed with non-authentic HydraFacial® serums and consumables, in violation of HydraFacial's trademark rights. For example, on February 6, 2025, a business development manager from Defendant emailed HydraFacial's existing customer, and encouraged HydraFacial's customer to purchase non-HydraFacial® serums and consumables for use with the HydraFacial® Systems and continue to advertise that service as a "HYDRAFACIAL" treatment, even if used with non-HydraFacial® serums and consumables. After the HydraFacial customer informed Defendant that such use would violate HydraFacial's customer agreements, Defendant's business development manager stated the following: "You are correct that technically in order to call the service a Hydrafacial, the purchase of Hydrafacial solutions is required. That is what the contract states. However, we believe that … [t]here is little likelihood that anyone from Hydrafacial will check whether the genuine Hydrafacial products are being used …. In the rare event that Hydrafacial were to raise concerns, it would be easy to explain that any product purchases not directly from them were a mistake, and the purchases were not authorized by management. You could then simply revert to ordering directly from Hydrafacial."

23. Moreover, Defendant's infringing use of the HYDRAFACIAL Mark creates the impression that Defendant is selling authorized HydraFacial products, which misleads customers into the mistaken belief that they can use those products to perform treatments under the HYDRAFACIAL Mark, especially when those services are performed with authentic machines purchased from HydraFacial but with non-authentic serums and consumables purchased from Defendant.

**C.   Defendant's Knowledge of HydraFacial's Business and Trademarks**

24. As a provider of facial treatment equipment and cosmetic services that compete with HydraFacial's industry-leading treatments and services, Defendant has long been aware of HydraFacial, its products, and its HYDRAFACIAL Mark. This is further confirmed by the facts that Defendant instructs consumers to break their contract and use the HYDRAFACIAL Mark with non-HydraFacial products and claim a "mistake" if HydraFacial representatives were to check.

Morgan, Lewis &
Bockius LLP
Attorneys at Law
Washington, D.C.

7

25. Defendant's acts complained of herein have caused HydraFacial to suffer irreparable injury to its business and reputation. HydraFacial will continue to suffer irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

26. HydraFacial is informed and believes, and on that basis alleges that Defendant's acts complained of herein are willful and deliberate.

## IV.   COUNT I
## TRADEMARK INFRINGEMENT
### (15 U.S.C. § 1114)

27. HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-26 of this Complaint as if set forth fully herein.

28. This is a claim for trademark infringement arising under 15 U.S.C. § 1114.

29. HydraFacial owns valid registered trademarks for the HYDRAFACIAL Mark, including at least incontestable U.S. Trademark Registration Nos. 4,317,059 and 4,738,970.

30. Without HydraFacial's permission, Defendant has used the HYDRAFACIAL Mark in connection with offering, selling, and/or promoting Defendant's products. See **Exhibit 4**.

31. Defendant's unauthorized as alleged herein constitute trademark infringement in violation of 15 U.S.C. § 1114. Defendant's use of the HYDRAFACIAL Mark is likely to cause confusion or mistake or to deceive consumers into believing that Defendant and/or its products originate from, are associated with, sponsored by, affiliated with, or approved by HydraFacial, when they are not.

32. HydraFacial is informed and believes, and on that basis alleges, that Defendant's use was and continues to be with the intent to unfairly compete with HydraFacial, to trade upon HydraFacial's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products originated from, are associated with, sponsored by, or are approved by HydraFacial, when they are not.

33. HydraFacial is informed and believes, and on that basis alleges, that Defendant has actual knowledge of HydraFacial's ownership and prior use of the HYDRAFACIAL Mark, and without consent of HydraFacial, has willfully violated 15 U.S.C. § 1114.

34. Defendant's aforementioned acts have injured HydraFacial and damaged

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

8

HydraFacial in an amount to be determined at trial. By its actions, Defendant has irreparably injured HydraFacial. Such irreparable injury will continue unless and until Defendant is preliminarily and permanently enjoined by this Court from further violation of HydraFacial's rights, for which HydraFacial has no adequate remedy at law.

**V.   COUNT II**
**TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN & FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))**

35.   HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-34 of this Complaint as if set forth fully herein.

36.   This is a claim for trademark infringement, unfair competition, false designation of origin, and passing off, arising under 15 U.S.C. § 1125(a).

37.   As a result of HydraFacial's extensive and continuous marketing, advertising, and sale of goods under the HYDRAFACIAL Mark, the Mark has become widely known and HydraFacial has become identified in the public mind as the manufacturer of the products bearing and treatments promoted under the HYDRAFACIAL Mark and have come to symbolize the reputation for quality and excellence of HydraFacial's products and the HydraFacial® treatments offered under the Mark.

38.   Defendant's unauthorized use of the HYDRAFACIAL Mark constitutes unfair competition and false designation of origin, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity, or as to the origin, sponsorship, or approval of its products or commercial activities by another entity in violation of 15 U.S.C. § 1125(a). See **Exhibit 4**.

39.   HydraFacial is informed and believes, and thereon alleges, that Defendant's acts of trademark infringement, false designation of origin, passing off, and unfair competition have been willful and without regard to HydraFacial's rights.

40.   Pursuant to 15 U.S.C. § 1117, HydraFacial is entitled to recover (1) Defendant's profits, (2) any damages sustained by HydraFacial, and (3) the costs of this action. In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits, the Court may in its discretion enter judgment for such sum as the court shall find to be just,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

9

according to the circumstances of the case. The Court may also award HydraFacial its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

41. HydraFacial has been damaged by Defendant's conduct in an amount to be determined at trial.

42. Due to Defendant's actions, constituting trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, HydraFacial has suffered and continues to suffer great and irreparable injury, for which HydraFacial has no adequate remedy at law.

43. Defendant will continue its trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, unless and until Defendant is enjoined by this Court.

## VI.   COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS

44. HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-43 of this Complaint as if set forth fully herein.

45. HydraFacial has valid and enforceable Trademark License Agreements with its customers, whereby HydraFacial licenses its customers to use the HYDRAFACIAL Mark in connection with hydrodermabrasion services and treatments performed using authentic HydraFacial's HydraFacial® Systems and HydraFacial® Serums and Consumables.

46. HydraFacial has a protectable interest in its contractual relationships with its licensees, including a protectable interest in its Trademark License Agreements.

47. HydraFacial's customer-licensees who have advertised, promoted, offered, sold, and/or provided hydrodermabrasion treatments under the HYDRAFACIAL Mark using non-HydraFacial serums and consumables purchased from Defendant (i.e., Defendant's "Essentials" branded serums and consumables) have breached their Trademark License Agreements with HydraFacial. Defendant induced HydraFacial's customer-licensees to breach the Trademark License Agreements.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

10

48. Defendant has been aware of the contractual relationships between HydraFacial and its licensees created by virtue of the trademark license at least as early as February 6, 2025, when Defendant referred to a customer's contractual obligations to HydraFacial and instructed customers to claim no knowledge of the unauthorized products difference from HYDRAFACIAL® products.

49. HydraFacial is informed and believes, and thereon alleges, that Defendant intended and continue to intend for HydraFacial's licensees to breach their respective Trademark License Agreements with HydraFacial. For example, Defendant has intentionally induced HydraFacial's licensees to breach their respective Trademark License Agreements by encouraging HydraFacial's licensees to falsely designate their treatments as HYDRAFACIAL® treatments when using non-HydraFacial serums and consumables provided by Defendant, in violation of the Trademark License Agreement.

50. HydraFacial is informed and believes, and thereon alleges, that Defendant continues to supply non-HydraFacial serums and consumables to customers it knows to be infringing the HYDRAFACIAL Mark and thus sells its non-HydraFacial serums and consumables to customers it knows will continue infringing the HYDRAFACIAL Mark in violation of the Trademark License Agreement with HydraFacial, thereby continuing to tortiously interfere with the Trademark License Agreement.

51. As a foreseeable, direct and proximate result of the HydraFacial licensees' breach of contract, HydraFacial has suffered damage and irreparable injury to its rights. HydraFacial will continue to suffer such damage and injury unless and until Defendant is enjoined by this Court.

52. Defendant's willful acts of tortious interference constitute fraud, oppression, and malice. Accordingly, HydraFacial is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## VII.  COUNT IV
### INDUCED TRADEMARK INFRINGEMENT

53. HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-52 of this Complaint as if set forth fully herein.

54. Defendant's customers' unauthorized use of the HYDRAFACIAL Mark as alleged

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

11

herein has caused, and will likely continue to cause confusion, mistake, and/or deception in the relevant consumer market.

55. Defendant's customers' unauthorized use of the HYDRAFACIAL Mark as alleged herein constitutes infringement of a federally registered trademark in violation of 15 U.S.C. § 1114.

56. Defendant has intentionally induced its customers using HydraFacial® Systems to infringe the HYDRAFACIAL Mark by inducing and causing them to use the HYDRAFACIAL Mark without HydraFacial's authorization in violation of HydraFacial's trademark rights.

57. Defendant has intentionally induced its customers to infringe the HYDRAFACIAL Mark by inducing and causing them to use the HYDRAFACIAL Mark in connection with hydrodermabrasion treatments performed with non-HydraFacial® serums and consumables provided by Defendant.

58. HydraFacial is informed and believes, and thereon alleges, that Defendant has and continues to intend to induce and encourage its customers to advertise, market, promote, sell, and/or offer to sell treatments with Defendant's products under the HYDRAFACIAL Mark, knowing that those customers have no such right to use the HYDRAFACIAL Mark.

59. Defendant was, and continues to be, aware that by following Defendant's instructions and guidance, Defendant's customers are deceptively advertising, marketing, promoting, selling, and/or offering to sell treatments using non-HydraFacial serums and consumables under the HYDRAFACIAL Mark.

60. The individual product pages for non-HydraFacial serums and consumables advertised on Defendant's website do not include specific disclaimers warning customers or potential customers that non-HydraFacial serums and consumables cannot and should not be used with authentic HydraFacial® Systems, or that any such use of non-HydraFacial serums and consumables with authentic HydraFacial® Systems cannot be advertised as authentic HydraFacial® treatments.

61. HydraFacial is informed and believes, and thereon alleges, that Defendant continues to supply non-HydraFacial serums and consumables to customers it knows to be infringing the HYDRAFACIAL Mark and thus sells its non-HydraFacial serums and consumables to customers

Morgan, Lewis & Bockius LLP
Attorneys at Law
Washington, D.C.

12

1  Defendant knows will continue infringing the HYDRAFACIAL Mark in violation of the
2  Trademark License Agreement with HydraFacial, thereby inducing continued infringement of the
3  HYDRAFACIAL Mark.

4      62.    Defendant's activities constitute willful and intentional inducement to infringe in
5  disregard of HydraFacial's rights in the HYDRAFACIAL Mark and were done despite Defendant's
6  knowledge that the use of the HYDRAFACIAL Mark in connection with treatments using non-
7  HydraFacial serums and consumables was and is in direct contravention of HydraFacial's rights.

8      63.    HydraFacial is informed and believes, and thereon alleges, that Defendant has
9  derived and received, and will continue to derive and receive, gains, profits, and advantages by
10 inducing and contributing to Defendant's customers' infringement of the HYDRAFACIAL Mark
11 in an amount that is not presently known to HydraFacial. By reason of Defendant's inducement of
12 and contribution to the unauthorized and infringing use of the HYDRAFACIAL Mark by the
13 Defendant's customers, HydraFacial has been damaged and is entitled to monetary relief in an
14 amount to be determined at trial.

15     64.    As a result of Defendant's and its customers' infringing acts, HydraFacial has
16 suffered and continues to suffer great and irreparable injury, for which HydraFacial has no adequate
17 remedy at law. HydraFacial is entitled to injunctive relief pursuant to 15 U.S.C. §§ 1116(a) that
18 requires Defendant to stop inducing and/or contributing to Defendant's customers' infringement of
19 the HYDRAFACIAL mark.

## VIII.  COUNT V
## INDUCING BREACH OF CONTRACT

22     65.    HydraFacial incorporates by reference and realleges each of the allegations set forth
23 in Paragraphs 1-64 of this Complaint as if set forth fully herein.

24     66.    This is a claim for unfair competition arising under California Business &
25 Professions Code § 17200 et seq.

26     67.    HydraFacial had and continues to have valid and enforceable Trademark License
27 Agreements with its customer-licensees, whereby HydraFacial licensed its customer-licensees to
28 use the HYDRAFACIAL Mark in connection with hydrodermabrasion services and treatments

Morgan, Lewis & Bockius LLP
Attorneys at Law
Washington, D.C.

13

performed using HydraFacial's HydraFacial® Systems and HydraFacial® Serums and Consumables.

68. Defendant was and continues to be aware of the contractual relationships between HydraFacial and its customer-licensees, including the Trademark License Agreements.

69. HydraFacial is informed and believes, and thereon alleges that Defendant intended and continues to intend for HydraFacial's customer licensees to breach their respective Trademark License Agreements with HydraFacial. For example, Defendant has and continue to induce HydraFacial's licensees to breach their respective Trademark License Agreements by encouraging HydraFacial's licensees to falsely designate their treatments as HYDRAFACIAL® branded treatments when using non-HydraFacial serums and consumables provided by Defendant, in violation of the Trademark License Agreement.

70. HydraFacial is informed and believes, and thereon alleges that, as a result of Defendant's inducement, HydraFacial's customer licensees have advertised, marketed, promoted, sold, and/or offered for sale hydrodermabrasion treatments under the HYDRAFACIAL Mark using non-HydraFacial serums and consumables, (i.e., Defendant's serums and consumables), in their HydraFacial® Systems, despite explicit contractual provisions in the Trademark License Agreement to the contrary.

71. HydraFacial is informed and believes, and thereon alleges, that Defendant continues to supply non-HydraFacial serums and consumables to customers that are known to be infringing the HYDRAFACIAL Mark and thus sells its non-HydraFacial serums and consumables to customers it knows will continue infringing the HYDRAFACIAL Mark in violation of the Trademark License Agreement with HydraFacial, thereby continuing to induce those customers to breach the agreement.

72. Unless and until Defendant is enjoined by this Court, Defendant will continue to induce HydraFacial's customer-licensees who have valid Trademark License Agreements with HydraFacial to breach their respective agreements with HydraFacial by substituting non-HydraFacial serums and consumables, such as Defendant's, for HydraFacial® Serums and Consumables for use with their HydraFacial® Systems and continue to advertise, market, promote,

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

14

sell, and/or offer for sale their hydrodermabrasion treatments under the HYDRAFACIAL Mark, despite explicit contractual provisions in the Trademark License Agreement to the contrary.

73. As a foreseeable, direct and proximate result of the licensees' breach of contract, HydraFacial has and will continue to suffer damage and irreparable injury to its rights.

74. Defendant's willful acts of inducing breach of contract constitute fraud, oppression, and malice. Accordingly, HydraFacial is entitled to exemplary damages pursuant to Cal. Civ. Code § 3294(a).

## IX. COUNT VI
## UNFAIR COMPETITION
## (CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.)

75. HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-74 of this Complaint as if set forth fully herein.

76. Defendant's acts as alleged herein, including trademark infringement, false designation of origin and tortious interference with contractual relations complained of herein constitute unfair competition under statutory law, particularly in violation of California Business & Professions Code § 17200 et seq.

77. Defendant's acts complained of herein constitute unfair competition, and unlawful, unfair, malicious or fraudulent business practices, which have injured and damaged HydraFacial.

78. HydraFacial is informed and believes, and thereon alleges, that Defendant has derived and received gains, profits, and advantages from its unfair competition in an amount that is not currently known to HydraFacial. Moreover, Defendant's actions have damaged HydraFacial in an amount to be determined at trial.

79. HydraFacial is informed and believes, and thereon alleges that Defendant undertook the acts alleged above willfully, for the purpose of enriching itself to HydraFacial's detriment.

80. Further, Defendant's unfair competition has caused HydraFacial to suffer, and to continue to suffer, great and irreparable injury for which HydraFacial has no adequate remedy. That irreparable injury will continue unless Defendant is enjoined by this Court.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

15

## COUNT VII
## CALIFORNIA COMMON LAW UNFAIR COMPETITION

81. HydraFacial incorporates by reference and realleges each of the allegations set forth in Paragraphs 1-80 of this Complaint as if set forth fully herein.

82. This is an action for unfair competition under the common law of the State of California.

83. Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

84. By virtue of the acts complained of herein, Defendant has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with HydraFacial in violation of the common law of the State of California.

85. Defendant's aforementioned acts have damaged HydraFacial in an amount to be determined at trial.

86. Defendant has irreparably injured HydraFacial. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of HydraFacial's rights, for which HydraFacial has no adequate remedy at law.

87. Defendant's willful acts of unfair competition under California common law constitute fraud, oppression, and malice. Accordingly, HydraFacial is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff HydraFacial prays for judgment in its favor and against Defendant for the following relief:

A. That the Court find for HydraFacial and against Defendant on HydraFacial's claims of trademark infringement under 15 U.S.C. § 1114;

B. That the Court find for HydraFacial and against Defendant on HydraFacial's claims of trademark infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a);

Morgan, Lewis & Bockius LLP
Attorneys at Law
Washington, D.C.

16

C. That the Court find for HydraFacial and against Defendant on its claims of unfair competition under California Bus. & Prof. Code § 17200 et seq., and California common law;

D. That the Court find for HydraFacial and against Defendant on its claim of induced breach of contract;

E. That the Court find for HydraFacial and against Defendant on its claim of tortious interference with contractual relations;

F. That the Court find for HydraFacial and against Defendant on its claim of induced infringement;

G. That the Court issue preliminary and permanent injunctions against Defendant, Defendant's agents, servants, employees, attorneys, agents, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities from directly or indirectly:

1. using the HYDRAFACIAL Mark, or any other mark that is confusingly similar to the HYDRAFACIAL Mark;

2. assisting or inducing, directly or indirectly, others to use the HYDRAFACIAL Mark, or any other mark that is confusingly similar to the HYDRAFACIAL Mark;

3. falsely designating the origin of Defendant's products;

4. passing off Defendant's products as those of HydraFacial;

5. misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

6. unfairly competing with HydraFacial in any manner whatsoever;

7. causing a likelihood of confusion or injuries to HydraFacial's business reputation; and

8. inducing breach of contract and tortiously interfering with HydraFacial's contractual relations, including but not limited to marketing and selling non-HydraFacial serums and consumables for use with HydraFacial® Systems, without providing HydraFacial® System users with actual written notice that they are prohibited from:

1)  using the HYDRAFACIAL Mark in any manner in connection with hydrodermabrasion treatments that use non-HydraFacial serums and consumables with a HydraFacial® System;

2)  using the HYDRAFACIAL Mark in any manner in connection with hydrodermabrasion treatments that use non-HydraFacial serums and consumables with a HydraFacial® System constitutes infringement of the HYDRAFACIAL Mark;

3)  using the HYDRAFACIAL Mark in any manner in connection with hydrodermabrasion treatments that use non-HydraFacial serums and consumables with a HydraFacial® System is a breach of, and will result in termination of, their Trademark License Agreement with HydraFacial to use the HYDRAFACIAL Mark; and

4)  such trademark infringement and breach of the Trademark License Agreement subjects them to potential liability to HydraFacial.

H.  That Defendant account for all gains, profits, and advantages derived through Defendant's trademark infringement, false designation of origin, passing off, unfair competition, counterfeiting, and induced trademark infringement;

I.  That HydraFacial be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by HydraFacial as a result of Defendant's acts of trademark infringement, false designation of origin, passing off, unfair competition, counterfeiting, and induced trademark infringement, all profits received by Defendant from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award to HydraFacial of damages and profits be trebled pursuant to 15 U.S.C. § 1117(a) and (b);

J.  An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117;

K.  An award to HydraFacial of attorneys' fees, expenses, and costs incurred by HydraFacial in connection with this action pursuant to 15 U.S.C. § 1117;

L.  That if HydraFacial elects, HydraFacial be awarded statutory damages pursuant to

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

18

15 U.S.C. § 1117(c);

M. That HydraFacial be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as equitable remedy, including all damages sustained by HydraFacial as a result of Defendant's intentional inducement of breach of contract and tortious interference;

N. That HydraFacial be awarded exemplary damages from Defendant pursuant to Cal. Civ. Code § 3294;

O. An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and

P. Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Dated: March 6, 2025

By: */s/ Ali S. Razai*
Ali S. Razai
Benjamin J. Everton
Meaghan H. Kent
Christian D. Boettcher
Matthew T. Julyan

*Attorneys for Plaintiff*
HYDRAFACIAL LLC

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.

19

**DEMAND FOR JURY TRIAL**

Plaintiff HydraFacial LLC hereby demands a trial by jury on all issues so triable.

Dated: March, 6 2025

By: */s/ Ali S. Razai*
Ali S. Razai
Benjamin J. Everton
Meaghan H. Kent
Christian D. Boettcher
Matthew T. Julyan

*Attorneys for Plaintiff*
HYDRAFACIAL LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
WASHINGTON, D.C.